UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE <br> INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 2:21-cv-00411 <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff, State Farm Mutual Automobile Insurance Company, for its Complaint, against the defendant, the United States of America ("Defendant") alleges as follows:

### NATURE OF THE ACTION

1. This is an action for breach of contract brought by Plaintiff against the Defendant pursuant to 28 U.S.C. § 1346(a)(2).

### JURISDICTION AND VENUE

2. Jurisdiction is founded on 28 U.S.C. § 1346(a)(2) and 39 U.S.C. § 409 in that the underlying actions initially arose under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq.

3. Venue is founded on and arises pursuant to 28 U.S.C.A. § 1391(b)(2), in that a substantial part of the events giving rise to these claims occurred in Virginia Beach, Virginia in the Eastern District of Virginia, and 28 U.S.C.A. § 1402(b).

4. Pursuant to E.D. Va. Local Civil Rule 3(C), venue within the Eastern District of Virginia lies in the Norfolk Division in that a substantial part of the events giving rise to these claims occurred in Virginia Beach, Virginia.

## PARTIES

5. Plaintiff, State Farm Mutual Automobile Insurance Company, is a mutual insurance company organized and existing under the laws of the State of Illinois, with principal offices located in Bloomington, McClean County, Illinois, which is lawfully authorized to transact business, including the issuance of insurance policies, in the Commonwealth of Virginia.

6. At all material times, Defendant, United States of America, a sovereign nation, is a proper defendant in this matter.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

7. On February 14, 2020, the United States Department of State, through its employee, Teshia Ferguson ("DOS"), offered to pay Plaintiff in the amount of $920.69 in exchange for Plaintiff completing a Voucher for Payment under the Federal Tort Claims Act ("FTCA"). [See Exhibit A].

8. Plaintiff completed and submitted the completed Voucher on April 30, 2020 to the DOS. [See Exhibit B].

9. Plaintiff has not received the agreed upon $920.69 payment.

10. Plaintiff has only been told the payment was processed but has not received any further information regarding receipt of said payment despite numerous attempts to ascertain the status.

11. As a result of the failure to pay the agreed upon $920.69, Defendant is in breach of its contractual obligation under the FTCA.

12. As a result of the acts alleged, Plaintiff is entitled to recover the sum of $920.69.

13. On April 5, 2021, the United States Marshals Service, through its general counsel, Lisa M. Dickinson ("USMS"), offered payment in the amount of $1,867.29 in exchange for Plaintiff completing a Voucher for Payment under the FTCA. [See Exhibit C].

14. Plaintiff completed and submitted the completed Voucher on April 16, 2021 to the USMS. [See Exhibit D].

15. Plaintiff has not received the agreed upon $1,867.29 payment.

16. Plaintiff has only been told the payment was processed but has not received any further information regarding receipt of said payment despite numerous attempts to ascertain the status.

17. As a result of the failure to pay the agreed upon $1,867.29, Defendant is in breach of its contractual obligation under the FTCA.

18. As a result of the acts alleged, Plaintiff is entitled to recover the sum of $1,867.29.

19. On November 4, 2020, the Department of Defense, through its employee, Susan Louis ("DOD"), offered payment in the amount of $3,169.08 in exchange for Plaintiff completing a Voucher for Payment under the FTCA. [See Exhibit E].

20. Plaintiff completed and submitted the completed Voucher on November 13, 2020 to the DOD. [See Exhibit F].

21. Plaintiff has not received the agreed upon $3,169.08 payment.

22. Plaintiff has only been told the payment was processed but has not received any further information regarding receipt of said payment despite numerous attempts to ascertain the status.

23. As a result of the failure to pay the agreed upon $3,169.08, Defendant is in breach of its contractual obligation under the FTCA.

24. As a result of the acts alleged, Plaintiff is entitled to recover the sum of $3,169.08.

25. On February 19, 2021, the United States Secret Service, through its chief counsel, Thomas F. Huse ("SS"), offered payment in the amount of $1,013.57 in exchange for Plaintiff completing a Voucher for Payment under the FTCA. [See Exhibit G].

26. Plaintiff submitted the completed Voucher on April 23, 2021 to the SS. [See Exhibit H].

27. Plaintiff has not received the agreed upon $1,013.57 payment.

28. Plaintiff has only been told the payment was processed but has not received any further information regarding receipt of said payment despite numerous attempts to ascertain the status.

29. As a result of the failure to pay the agreed upon $1,013.57, Defendant is in breach of its contractual obligation under the FTCA.

30. As a result of the acts alleged, Plaintiff is entitled to recover the sum of $1,013.57.

31. On February 12, 2021, the United States Federal Bureau of Investigation, through its Chief of the Critical Incident Response Group, M. Todd Heflin ("FBI"), offered payment in the amount of $2,810.04 in exchange for Plaintiff completing a Voucher for Payment under the FTCA. [See Exhibit I].

32. Plaintiff submitted the completed Voucher on April 8, 2021 to the FBI. [See Exhibit J].

33. Plaintiff has not received the agreed upon $2,810.04 payment.

34. Plaintiff has only been told the payment was processed but has not received any further information regarding receipt of said payment despite numerous attempts to ascertain the status.

35. As a result of the failure to pay the agreed upon $2,810.04, Defendant is in breach of its contractual obligation under the FTCA.

36. As a result of the acts alleged, Plaintiff is entitled to recover the sum of $2,810.04.

WHEREFORE, Plaintiff respectfully requests the following relief:

1. Service of this complaint on the United States Attorney for the Eastern District of Virginia and the United States Attorney General, and that they be duly summoned to appear and answer the Complaint; and

2. Entry of judgment for Plaintiff against Defendant for: (a) actual damages in the amount of $9,780.67 ($920.69+$1,867.29+$3,169.08+$1,013.57+$2,810.04); (b) Plaintiff's costs of suit incurred; (c) interest from June 1, 2020; (d) post-judgment interest, and (e) such other and further relief as the Court deems just and proper.

        STATE FARM MUTUAL AUTOMOBILE
        INSURANCE COMPANY

        By: _____/s/_____
                          Counsel

John P. Williamson, Esquire (VSB No.: 81636)
McKenry Dancigers Dawson, P.C.
192 Ballard Court, Suite 400
Virginia Beach, Virginia 23462
Telephone - (757) 461-2500
Facsimile - (757) 461-2341
jpwilliamson@va-law.com
*Counsel for Plaintiff*